UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MORGAN,

                    Plaintiff,

          -against-

SCOTT HARTMAN; MARIO MONELLO;
VINCENT PUMA; THAE KWEON; THOMAS
PINOU; ST. MARK'S WORLD ACQUISTIONS
LLC; NPM MANAGEMENT, LLC; FLEX
EMPLOYEE SERVICES LLC,

                    Defendants.

22-CV-3367 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331.[1] Plaintiff cites a federal criminal statute, 18 U.S.C. § 1341, as the

basis for his claims. For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

          The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a

claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

---

[1] Plaintiff paid the filing fees for this action.

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Michael Morgan alleges the following:

1.Defendants have fraudulently induced me to sell them 80% Stocks of a St Marks's world Inc on 04/25/2016 through making multiple false representations and promises.

2. Defendants had violated all the agreements including but not limited to the Stock Purchase agreement, Shareholder agreement, Service agreemetent and the stipulation of settlemtns.

3. Defendants never paid for the purchase price of the company to date aside from the down payments.

4. Defendants have not paid me 'the plantiff' Distributions to date for the years 2016-Present.

5. Defendants have violated fedral Laws and made me 'the Plantiff' Liable.

6. Defendants Have lied to courts in multiple proceedings about the nature of the disputes and the representations of the case.

7. Defendants have used the assests of the company to fraudulently apply and get approver for loans through misrperesntation of the status of the ownership.

. . .

10. Defendants have conspired to Include me "The Plantiff" in an SBA PPP loan Fraud Scheme.

(ECF 1 at 5-6.)[2]

Plaintiff brings suit against individuals whom he appears to identify as partners in St. Mark's World Acquisitions, LLC (Mario Monello, Scott Hartman, and Vincent Puma), as well as

---

[2] All spelling and punctuation in the quoted material is original.

against that company's Secretary Thae Kewon and Chief Financial Officer Thomas Pinou. Plaintiff asserts that Pinou "executes the . . . fake accounting reports," Thae "signed the SBA PPP," Puma "orchestrate[s] the frauds" and Monella "signed off on the release of the UCC lien against the company." (*Id.* at 11.) Plaintiff also names as defendants Flex Employee Services, LLC, described as an umbrella company and "approaching company," and NPM Management, LLC, the "shareholder company." (*Id.*) Plaintiff seeks $10 million in damages from Defendants.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and all defendants are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### A.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not create

federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff asserts that the Court has federal question jurisdiction of this matter because his claims arise under a federal criminal statute prohibiting mail fraud, 18 U.S.C. § 1341. His argument seems to be that he is a victim of Defendants' unlawful activity, in that Defendants have "conspired to include" him in an unlawful scheme, and he seeks money damages from them based on their unlawful conduct.

There is no private right of action, however, under this federal criminal statute, 18 U.S.C. § 1341. *See, e.g., Off. Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (noting that plaintiff "alleged the claim 'ar[ose] under the provisions of,' *inter alia*, the Mail Fraud Act, 18 U.S.C. §§ 1341 and 1343 (1982), although the acts do not provide a private right of action"); *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) ("[T]here is no private cause of action under the federal mail fraud statutes.").

Moreover, a private individual can neither initiate a criminal prosecution, nor ask the Court to order that defendants be prosecuted, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). "[A] private individual lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (action against prosecutor seeking to require prosecution of child's father for lack of support); *see also Brady v. Berman*, 837 F. App'x 70, 71 (2d Cir. 2021) (holding that "Mr. Brady may have had a financial interest in the underlying property disputes . . ., but that does not give him a judicially cognizable interest in the investigation or prosecution of individuals who were involved"). Plaintiff thus has no cognizable claim arising under federal criminal law.

B.       **Diversity Jurisdiction**

In addition to his claim under federal criminal law, Plaintiff's complaint can also be construed as asserting state law claims, such as fraud or misrepresentation. Plaintiff does not allege facts, however, demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For diversity purposes, an individual is a citizen of the State where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated, *Hertz Corp. v. Friend*, 559 U.S. 77, 92- 93 (2010), but a limited liability company takes the citizenship of each of its members for purposes of diversity jurisdiction. *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff indicates in the complaint that both he and many Defendants are domiciled in New York. Because diversity of citizenship is therefore not complete, the Court does not have diversity jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

Generally, a district court should allow a plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff provides no information about the domicile of the members of the limited liability companies. Plaintiff indicates that some defendants are domiciled in New Jersey, (ECF 1 at 11), and thus have citizenship that is diverse from his. If Plaintiff amends his complaint and drops the defendants who, like him, are citizens of New York, he may be able to show diversity of citizenship in order to proceed against some defendants.[3] The Court therefore grants Plaintiff leave to file an amended complaint and directs him to include facts showing that the Court has subject matter jurisdiction of the action.[4]

## C.    Rules 8 and 9 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

---

[3] If an indispensable party cannot be joined, for example because this would destroy diversity jurisdiction, and the Court concludes that equity does not permit the remaining parties to proceed, the action must be dismissed. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013).

[4] As an alternative, Plaintiff may be able to pursue his state law claims against all defendants in the state courts, which have general jurisdiction, unlike the limited jurisdiction of federal courts.

from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Many of Plaintiff's allegations are merely legal conclusions (*for example,* "Defendants have violated fedral Laws and made me 'the Plantiff' Liable") that do not provide any facts about what occurred. If Plaintiff chooses to submit an amended complaint, Rule 8 requires that Plaintiff include in the amended complaint a short and plain statement regarding what happened that gave rise to his claims.

Insofar as Plaintiff seeks to assert a state law claim for fraud, he has an additional duty to include specific facts.  Rule 9(b) of the Federal Rules of Civil Procedure provides that, when alleging fraud, "a party must state with particularity the circumstances constituting the fraud . . . ." Fed. R. Civ. P. 9(a). Plaintiff's complaint, which does not include sufficient facts to satisfy the pleading standard in Rule 8, also does not comport with the more stringent requirements of Rule 9.

To state a claim for fraud, Plaintiff must allege facts specifying the statements and circumstances that he alleges constitute fraud. In addition, in order "[t]o plead a common law fraud claim under New York law, a plaintiff must allege facts to support the claim that [he] justifiably relied on the [defendants'] alleged misrepresentations." *SRM Global Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*, 829 F.3d 173, 177 (2d Cir. 2016) (holding that "[b]ecause the complaint fails to meet the *Twombly* pleading standard, we do not consider whether the stricter pleading requirements of Federal Rule of Civil Procedure 9(b) apply to the reliance element of [plaintiff's] common law fraud claims."). Negligent misrepresentation claims also require a pleading of reliance on the alleged misstatements. *See Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012). If Plaintiff amends his complaint to show a basis for

subject matter jurisdiction of this action, he must also provide a short and plain statement of his claims and, if bringing claims for fraud, plead with particularity the circumstances constituting fraud.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3367 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____          _____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 2: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 3: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                  Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.