UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. MICHAEL MORGAN,<br><br>                    Plaintiff,<br><br>                    -v.-<br><br>MARIO MONELLO, VINCENT J. PUMA, SCOTT HARTMAN, FLEX EMPLOYEE SERVICES LLC, and NPM MANAGEMENT LLC,<br><br>                    Defendants. | 22 Civ. 3367 (JHR) (JLC)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

*Pro se* Plaintiff Dr. Michael Morgan brings this action alleging breach of contract and fraud against Defendants Mario Monello, Vincent Puma, Scott Hartman, Flex Employee Services, LLC, and NPM Management, LLC (collectively, "Defendants"). Before the Court is the July 28, 2023 Report and Recommendation of Magistrate Judge James L. Cott recommending that the Court grant Defendants' motion to dismiss Plaintiff's Second Amended Complaint with prejudice. ECF No. 36 (R&R). On September 8, 2023, Plaintiff filed objections to the Report and Recommendation (ECF No. 39), to which Defendants responded on September 22, 2023 (ECF No. 40). The Court has examined the Report and Recommendation and relevant submissions by the parties. For the reasons stated below, Plaintiff's objections are overruled, and the Report and Recommendation is adopted in full.

## BACKGROUND

The background and procedural history relevant to this Order are set forth in Judge Cott's Report and Recommendation, familiarity with which is assumed. Key facts relevant to this Order are also set forth below.

On October 7, 2022, Plaintiff filed a Second Amended Complaint. ECF No. 19 ("SAC"). In the SAC, Plaintiff describes "[t]he nature of this dispute" as "multiple contract breaches, fraudulent and deceptive behavior both in negotiating the purchase of" a rehabilitation therapy-related business he once owned called St. Mark's World, Inc. ("SMW") "and, after the purchase, in the management and operation of" SMW. SAC at 36 ¶ 152. Plaintiff alleges that "Defendants' multiple breaches of various provisions of the Stock Purchase Agreement drafted on April 21, 2016"—whereby non-party St. Mark's World Acquisition LLC ("Acquisition")[1] purchased 80 percent of SMW—"have materially harmed" and "deprived him of the benefit of the bargain memorialized in the [Stock] Purchase Agreement." *Id.* at 36 ¶ 153; *see id.* Ex. A.[2] Plaintiff also avers that Defendants breached an April 21, 2016 Shareholder Agreement. *See, e.g.*, SAC at 31 ¶ 131; *id.* Ex. B. In addition, Plaintiff alleges that "Defendants' multiple fraudulent representations before the sale, which [he] relied on in deciding to sell [SMW] to Defendants, have materially harmed [him], as well as caused [him] both physical and emotional harm." SAC at 36 ¶ 154. Plaintiff claims that, after the sale of SMW, Defendants also engaged in "multiple fraudulent [t]ax and [l]oan schemes" relating to SMW, for which he retained 20 percent ownership under the Stock Purchase Agreement. *Id.* at 36 ¶ 155; *see id.* at 13 ¶ 40; *id.* Ex A.

On November 18, 2022, Defendants moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 25.[3] Defendants raise the following grounds

---

[1] Defendant Hartman at one time had "owned and controlled" Acquisition, along with Defendants Puma and Monello. SAC at 13 ¶ 38.

[2] In other places in the SAC, Plaintiff alleges that the parties entered into the Stock Purchase Agreement on *April 25*, 2016. *See, e.g.*, SAC at 7 ¶ 2.

[3] Defendants' notice of motion incorrectly purports to seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), rather than Rule 12(b)(1). *See* ECF No. 25.

for dismissal: (1) lack of subject matter jurisdiction due to purported lack of diversity of citizenship of the parties under 28 U.S.C. § 1332; (2) failure to add necessary and indispensable parties under Federal Rule of Civil Procedure 19; (3) *res judicata*; and (4) failure to state a claim for relief.  ECF No. 26 (Defs.' Br.).

On July 28, 2023, Judge Cott issued a Report and Recommendation holding that: (1) the Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332; (2) non-party Acquisition should be joined in the action and joinder would not destroy diversity of citizenship; and (3) the SAC should be dismissed with prejudice and without leave to amend, on *res judicata* grounds, based on adjudication of Plaintiff's claims in an action for which he received a judgment in New York State Supreme Court.  *See* R&R.  Judge Cott did not reach Defendants' alternative ground for dismissal: failure to state a claim.  *See id.* at 23 n.12. On August 1, 2023, Plaintiff timely requested an extension until September 8, 2023 to file objections to the Report and Recommendation.  ECF No. 37.  Plaintiff did so, in part, to have an "opportunity to work with counsel" from the New York Legal Assistance Group's Clinic for Pro Se Litigants.  *Id.*  On August 4, 2023, the Court granted Plaintiff's request.  ECF No. 38.  On September 8, 2023, Plaintiff timely filed objections to the Report and Recommendation.  ECF No. 39 (Pl.'s Objections).  On September 22, 2023, Defendants responded.  ECF No. 40.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and

3

indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (quoting *Kartm v. N.Y.C. Health & Hosp. Corp.*, No. 17 Civ. 6888 (AT), 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020)).

With respect to a report or to the portions thereof to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *see, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Plaintiff's objections consist of a twenty-page submission accompanied by several exhibits. *See* Pl.'s Objections. The objections exclusively concern Judge Cott's recommendation with respect to the issue of *res judicata*. *See id.* For that reason, the Court reviewed Judge Cott's recommendation with respect to *res judicata* on a *de novo* basis. The other issues addressed in the Report and Recommendation have been reviewed for "clear error on the face of the record." *Wilds*, 262 F. Supp. 2d at 169 (quoting *Nelson*, 618 F. Supp. at 1189).

The Court has not considered any of Plaintiff's improperly raised "new arguments and factual assertions" to be objections. *Piligian*, 490 F. Supp. 3d at 716. For example, Plaintiff appears to be raising for the first time Racketeering Influenced and Corrupt Organizations Act ("RICO") claims that were never pleaded or mentioned in opposition to the motion to dismiss. *See* Pl.'s Objections at 3-7. Plaintiff also raises new factual matters and submits documents that

4

were not before Judge Cott.  The Court cannot consider "these . . . contentions," as doing so "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments."  *Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994).

Having reviewed *de novo* Judge Cott's Report and Recommendation with respect to the issue of *res judicata*, the Court finds no error in it.  Because Plaintiff is *pro se*, without necessarily concluding that all of Plaintiff's arguments are proper, the Court addresses several issues raised in Plaintiff's objections below.  *See*, *e.g.*, *Ortiz*, 558 F. Supp. 2d at 451-52 (addressing certain issues raised by *pro se* petitioner "in an abundance of caution," despite reviewing report and recommendation for "clear error" since "[p]etitioner's objections largely reiterate[d] the arguments made to, and rejected" by magistrate judge).

### A. *Res Judicata* Bars Plaintiff's Claims

As noted by Judge Cott, Plaintiff has been involved in several similar actions with some or all of the Defendants in this case.  *See* R&R at 6-8.  Judge Cott held that one of those lawsuits—*see St. Mark's World Acquisition, LLC v. Morgan*, No. 655925/2018 (N.Y. Sup. Ct. filed Nov. 29, 2018) ("*Morgan II*")—bars Plaintiff's claims in this case.  *See* R&R at 20-23.  In *Morgan II*, Plaintiff received a final arbitration award that was confirmed and entered as a judgment by the New York State Supreme Court.  *See* ECF No. 27 (Jacobsen Decl.), Ex. A ("Final Arbitration Award"); *id.* Ex. B (decision and order on motion confirming Final Arbitration Award); *id.* Ex. C (final judgment in *Morgan II*, dated Nov. 7, 2022).

"Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  "To prove the affirmative

5

defense" of *res judicata*, Defendants were required to show that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [Plaintiff] or those in privity with [him];" and "(3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). As Plaintiff's arbitration award and judgment confirming that award were entered in connection with a lawsuit before a New York state court—*Morgan II*—the Court's analysis is "governed by New York State law, which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997).

    Here, Defendants argued—and Plaintiff does not contest—that a final arbitration award was confirmed and entered as a judgment in *Morgan II*. *See* Defs.' Br. at 13-14. That judgment operated as a final adjudication on the merits for purposes of *res judicata*. *See Am. Ins. Co. v. Messinger*, 43 N.Y.2d 184, 189-90 (N.Y. 1977) ("[I]n general the doctrine[ ]of . . . *res judicata*" "appl[ies] as well to awards in arbitration as they do to adjudications in judicial proceedings"); *see also Jacobson*, 111 F.3d at ("[R]es judicata . . . appl[ies] to issues resolved by arbitration 'where there has been a final determination on the merits.'" (quoting *Hilowitz v. Hilowitz*, 444 N.Y.S.2d 948, 949 (2d Dep't 1981))). Nor does Plaintiff dispute that he was a party to that arbitration and was therefore "involved." *TechnoMarine*, 758 F.3d at 499.

    Instead, Plaintiff's objections primarily concern whether "the claims asserted in [this] action were, or could have been, raised in" *Morgan II*. *Id*. *Morgan II* was filed by SMI and Acquisition against Plaintiff on November 29, 2018, a few days after Plaintiff had filed a lawsuit

6

against Acquisition (*see Morgan v. St. Mark's World Acquisition LLC*, No. 615769/2018 (N.Y. Sup. Ct. filed Nov. 27, 2018) ("*Morgan I*")).  *See* Defs.' Br. at 7.  On January 2, 2019, a stipulation of settlement was entered in *Morgan II*.  Jacobsen Decl. Ex. D.  Pursuant to that stipulation, the parties agreed to "terminate any litigation between them," including *Morgan I*. *Id.* at 6.  The stipulation resolved some of the issues between the parties and required them to "prepare and exchange a list of the material issues [they] contend[] must promptly be resolved between them . . . which arise from or relate to the claims set forth in the pleadings." *Id.* at 4. The parties agreed to resolve these outstanding issues through arbitration in the event that they failed to mediate any disputes. *Id.* at 4-5.

The dispute in *Morgan II* (and *Morgan I*) "ar[ose] out of" the "acquisition of a majority interest" in SMW.  Final Arbitration Award at 4; *see id.* at 8-9.  At issue in *Morgan II* was, *inter alia*, Plaintiff's alleged failure to receive, through Acquisition's April 2016 purchase of SMI, "the full purchase price [of SMI] to which he was entitled under the [Stock] Purchase Agreement"; payment of Plaintiff's salary; Plaintiff's entitlement to dividends under the Shareholder Agreement; and Acquisition's alleged "conver[sion] [of] assets of [SMI] and wrongful[ ] encumber[ing]" of those assets. *Id.* at 8-9.  Plaintiff brought counterclaims in *Morgan II* based on alleged breaches of the Stock Purchase Agreement, the Shareholder Agreement, and an April 25, 2016 Services Agreement relating to Plaintiff's compensation, among other things.  Jacobsen Decl. Ex. E at 7-20.

The counterclaims alleged by Plaintiff in *Morgan II* included a claim for fraud and misrepresentation, based on, for example, Acquisition's purported "false" "representations" and conversion of the business for itself and "related entities." *Id.* at 14-15.  Plaintiff also averred that Acquisition "use[d] [SMI's] assets to seek additional funding for its other businesses and affiliates and related entities," including a loan from Texas Legacy Bank, which filed a lien,

7

without his knowledge and consent. *Id.* at 15. In addition, Plaintiff brought counterclaims for, *inter alia*, conversion, accounting and turnover of records, and unjust enrichment. *Id.* at 16-19.

      As the arbitrator, in the Final Arbitration Award, the Honorable Henry Pitman ruled on numerous issues identified by the parties. Final Arbitration Award at 56-64. It is clear from that award that Plaintiff's claims in the instant case directly address or otherwise "arise[] out of the same factual grouping" as the issues resolved by Judge Pitman. *Burgos*, 14 F.3d at 790. For example, Plaintiff alleges in the case at bar that "Defendants' multiple fraudulent representations before the sale, which [he] relied on in deciding to sell [SMW] to Defendants, have materially harmed [him]." SAC at 36 ¶ 154. Although Plaintiff did not raise before Judge Pitman all of the same arguments raised now, Judge Pitman addressed similar concerns about improper distributions following the acquisition of SMI, holding, to wit, that "Acquisition did not distribute or cause dividends or other distributions to be paid to itself or anyone else, and thus, Morgan is not entitled to any dividends for this period." *Id.* at 29.

      Other issues identified by Plaintiff were clearly addressed by Judge Pitman and, in some instances, stemmed directly from the arbitration. For example, Plaintiff alleges that "[i]t was *discovered and concluded through Arbitration testimonials* by the company witness Mr Thomas Pinou and Expert Witness Mr Eric lee that [Defendants] used . . . transfers" between Acquisition and Flex "to conceal fasle [sic] management fees and alleged unauthorized loans to deprive [him] from any dividends." SAC at 29 ¶ 119 (emphasis added). Judge Pitman rejected Plaintiff's arguments concerning allegedly improper loans from Acquisition to Flex and, as previously mentioned, also rejected Plaintiff's arguments pertaining to his entitlement to dividends based on purported improper distributions. *Id.* at 29-30. In addition, Judge Pitman addressed Plaintiff's access to documents concerning payroll, the Legacy Texas bank loan and UCC filing, the completion of tax returns, and other allegations in the SAC that Plaintiff

8

contends should not be barred by *res judicata*. *See id.* at 57-64; ECF No. 32 (Pl.'s Opp.) (arguing that misrepresentations during the sale of the company, loan fraud, and payroll fraud are not barred by *res judicata*).

Plaintiff includes a litany of additional objections to Judge Cott's recommendation based on *res judicata*. For example, Plaintiff argues that his claims should not be barred by *res judicata* because they sound in fraud, rather than simply breach of contract. *See*, *e.g.*, Pl.'s Objections at 2 ("The SAC is not exclusive to the Breach of Contract . . . but rather includes the fraud claims," which "have never been tried on the merits, adjudicated nor a final Judgment . . . entered"). However, for *res judicata* purposes, a "cause of action" "may also denote a separately stated claim on the same congeries of facts, but for different legal relief." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192 (N.Y. 1981). Moreover, Plaintiff maintains that, while Judge Pitman may have addressed certain issues subsequently raised in this litigation (*e.g.*, payroll records), the arbitrator did not address an actual claim for fraud based on those issues. *See*, *e.g.*, Pl.'s Objections at 9. *Res judicata* still applies, however, where "legal theories depend on different shadings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief." *Smith*, 54 N.Y.2d at 192.

Plaintiff also argues that *res judicata* does not apply because his claims in this case involve "new facts" and "worsening of the earlier conditions" pertaining to SMI and Defendants' operation of that business. Pl.'s Objections at 4. However, Plaintiff's claims before this Court concern the "same origin or motivation" as his claims that were before Judge Pitman: the acquisition of SMI and the parties' obligations relating to that sale and the operation of the business subsequent thereto. *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 112 (2d Cir. 2000) (holding claims were barred by *res judicata* where the "facts derive[d] ultimately from the same origin or motivation"); *see*, *e.g.*, *Smith*, 54 N.Y.2d at 193 (holding *res judicata* barred claims

9

where "the legal theories differ[ed] in some respects," but "the motivation, vindication of [plaintiff's] claim that the discharge was wrongful, is the same").[4]  And to the extent Plaintiff alleges any remotely "new" fact in the SAC—*e.g.*, "PPP loan" fraud[5]—those facts are "nothing more than additional instances of what was previously asserted": Defendants' purported failure to adequately compensate Plaintiff and lawfully operate SMI, contrary to Defendants' obligations under the parties' April 2016 acquisition-related agreements. *Waldman*, 207 F.3d at 113.

Finally, Plaintiff contends that he, Judge Cott, and others, were defrauded or otherwise "duped" at various stages of this action and earlier litigations. *See*, *e.g.*, Pl.'s Objections at 15-17.  Plaintiff's arguments in this regard are irrelevant.  The "fraud alleged here could not have been the cause of [Plaintiff's] failure to press" any of his legal theories during *Morgan II*. *Smith*, 54 N.Y.2d at 193.  Through counsel, Plaintiff had agreed to a stipulation of settlement and consented to the resolution of issues before an arbitrator.  The parties raised many issues relating to *Morgan II* before Judge Pitman.  Judge Pitman's "highly detailed" sixty-four page Final Arbitration Award was confirmed—despite a "litany of challenges"—by Judge Ostrager of the New York State Supreme Court, who held that Judge Pitman "carefully considered and decided all issues."  Jacobsen Decl. Ex. B.

---

[4] To the extent Plaintiff argues that the arbitration did not address all issues in *Morgan II*, he concedes that the issues were "voluntarily terminated as per the stipulation of settlement" between the parties. Pl.'s Objections at 13.  A stipulation of settlement, pursuant to which the parties agree to voluntarily discontinue a lawsuit, can operate as an adjudication on the merits for purposes of *res judicata*. *See Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986).

[5] With respect to Defendants' purported PPP loan fraud, Plaintiff explicitly disclaimed such fraud as a basis for relief in this case. *See* SAC at 19 ¶ 73 ("Although Plaintiff does not see a specific relief on the SBA PPP on this action . . . it will be handled through a separate action.").

For these reasons, the Court agrees with Judge Cott's recommendation to grant Defendants' motion to dismiss based on *res judicata*.

### B. Amendment Would Be Futile

Judge Cott denied Plaintiff's request in his opposition (*see* Opp. at 2) for leave to amend the SAC, on the basis that amendment would be futile. R&R at 23-24. The Court agrees. "Although a district court should not dismiss a pro se complaint without granting leave to amend, leave is not necessary when it would be futile." *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014). For the reasons stated by Judge Cott, which the Court has independently evaluated, Plaintiff "seeks to re-litigate claims already adjudicated" or otherwise wishes to "assert new legal theories based upon the same operative facts at issue" in *Morgan II*. *Id.* at 46; *see* R&R at 24. Plaintiff has not identified any new legal theories that he wishes to raise that would not be barred by *res judicata*.

## CONCLUSION

The Court has reviewed *de novo* the contested portions of the Report and Recommendation and has reviewed the remainder for clear error. The Court finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is adopted in its entirety. Defendants' motion to dismiss is GRANTED and Plaintiff's SAC is DISMISSED with prejudice.

The Clerk of Court is directed to terminate ECF No. 25 and to close the case.

SO ORDERED.

Dated: September 30, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge